

**Signed and Filed: December 27, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-33582 TEC |
| MIGUEL ANGEL RAMIREZ, aka MIGUEL A. RAMIREZ, and AURORA RAMIREZ, | Chapter 7 |
| Debtors. | |

**MEMORANDUM RE FNMA'S MOTION TO ANNUL STAY**

On December 27, 2010, the court held a hearing on Federal National Mortgage Association's (FNMA) motion to annul the automatic stay. Jonathan J. Damen appeared for FNMA. Debtors appeared in pro per.

On September 1, 2010, FNMA purchased at a foreclosure sale real property owned by Debtors, commonly known as 629 18th Street, Richmond, California (the Property). Debtors filed a chapter 7 petition on September 14, 2010. The trustee's deed was recorded on September 17, 2010. FNMA, which was not served with notice of the commencement of the case, served Debtors with notice to vacate the premises on November 11, 2010. FNMA brought the current motion,

MEMORANDUM RE FNMA'S
MOTION TO ANNUL STAY

seeking to have this court annul the automatic stay, to validate the notice to quit, and to permit FNMA to obtain possession of the Property via an unlawful detainer action (the Motion).

The chapter 7 trustee did not oppose the Motion.

Debtors filed written opposition to the Motion and appeared at the hearing. In their written opposition, Debtors contend that the foreclosure sale was improper for various reasons. Debtors also contend that the trustee's deed is invalid, because it was not recorded within 15 days of the foreclosure sale.

I determine that cause exists to grant the Motion.

The Motion should be granted against the bankruptcy estate, because the chapter 7 trustee, the official representative of the estate, did not oppose the motion. Whether the trustee's deed was recorded within 15 days of the foreclosure sale is an issue that can be raised effectively only by the chapter 7 trustee, because a trustee's deed would be good against Debtors whenever recorded. Trustee elected not to raise the issue, likely because the Property would still be subject to the deed of trust if the foreclosure sale was vacated or the deed deemed ineffective against the estate.

The Motion should be granted against Debtors, because the purpose of the automatic stay in a chapter 7 case is to protect the debtor only until a discharge is granted. 11 U.S.C. § 362(c)(2)(C). Debtors were entitled to receive a discharge on December 20, 2010. More important, the bankruptcy discharge does not protect debtors from an action to recover possession of real property following a foreclosure sale.

In granting the Motion, this court does not determine whether the foreclosure sale was proper. The court determines only that

the automatic stay should not bar an unlawful detainer action by FNMA, and that it is not necessary for the proper administration of the bankruptcy case to determine whether the foreclosure sale was proper.

Counsel for FNMA shall prepare an order consistent with this decision.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Miguel Angel Ramirez
858 Florida Street
San Francisco, CA 94110

Aurora Ramirez
858 Florida Street
San Francisco, CA 94110