

Signed and Filed: January 03, 2011

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-33582 TEC |
| MIGUEL ANGEL RAMIREZ, aka MIGUEL A. RAMIREZ, and AURORA RAMIREZ, | Chapter 7 |
| Debtors. | |

**MEMORANDUM RE CHASE HOME FINANCE LLC'S MOTION FOR RELIEF FROM STAY**

On January 3, 2011, the court held a hearing on the Motion for Relief from Stay (Motion) filed by Chase Home Finance LLC (Chase). Steven Lawrence appeared for Chase. Debtors appeared late, <u>in pro per</u>.

Chase holds a deed of trust encumbering real property owned by Debtors, commonly known as 858 Florida Street, San Francisco, California (the Property), which secures a note to Chase in the original principal sum of $650,000 (the Note).

Debtors filed a chapter 7 bankruptcy petition on September 14, 2010.

Debtors have not made payments required under the Note since July 1, 2008. The delinquency currently totals $139,561.75. Chase brought the current Motion, seeking relief from the automatic stay to exercise its rights under the Note and deed of trust, including the right to consummate foreclosure proceedings and the right to proceed in an unlawful detainer action to obtain possession of the Property. The motion was served on Debtors and the chapter 7 trustee on December 15, 2010.

The chapter 7 trustee did not file written opposition to the Motion or appear at the hearing thereon.

Debtors did not file written opposition to the hearing, but appeared late, contending that Chase is not the holder of the Note, and that Chase therefore lacks standing to enforce the Note.

I determine that cause exists to grant the Motion.

The Motion should be granted against the bankruptcy estate, because the chapter 7 trustee, the official representative of the estate, did not oppose the motion, contest Chase's right to enforce the Note, or contest Chase's standing to bring the Motion. Trustee elected not to raise the issue, likely because the Property would still be subject to the deed of trust even if the deed were deemed ineffective against the estate.

The Motion should be granted against Debtors, because the purpose of the automatic stay in a chapter 7 case is to protect the debtor only until a discharge is granted. 11 U.S.C. § 362(c)(2)(C). Debtors received a discharge on January 3, 2011. More important, the bankruptcy discharge does not protect Debtors from foreclosure of real property. Upon entry of the discharge, the automatic stay, as it pertains to the Debtors, lifts by statute

to allow all creditors to enforce whatever rights they have under nonbankruptcy law against property of the estate.  Id.  Therefore, this court need not and does not determine whether Chase is entitled to enforce the Note.  The court only determines that, as to Debtors, the automatic stay terminated as to all creditors upon entry of Debtors' discharge on January 3, 2011.  The court further determines that, trustee having failed to oppose the motion, relief from the automatic stay is granted immediately with respect to the chapter 7 trustee and the estate so that Chase and any other party may enforce its rights in the Property under the note and deed of trust.

Counsel for Chase shall prepare an order consistent with this decision.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Miguel Angel Ramirez |
| | 858 Florida Street |
| 4 | San Francisco, CA 94110 |
| 5 | Aurora Ramirez |
| | 858 Florida Street |
| 6 | San Francisco, CA 94110 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |